1

2                                                                              "O"

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                             WESTERN DIVISION

11   IRMA JAIME,                       )   Case No.  CV 02-08232 AN
                                       )
12                    Plaintiff,       )   MEMORANDUM AND ORDER RE
                                       )   APPLICATION FOR EAJA FEES
13            vs.                      )
                                       )
14                                     )
     JO ANNE B. BARNHART,              )
15   Commissioner of Social Security,  )
                                       )
16                    Defendant.       )
                                       )
17   _____)

18                          **I. BACKGROUND**

19          Before the Court is the application for attorney's fees ("Application") filed by Joel

20   D. Leidner, Plaintiff's counsel of record in this social security case.  The Application is

21   made pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.  The

22   Commissioner has opposed the Application on the grounds that the amount of EAJA fees

23   being sought is unreasonable and is not based upon the correct adjusted hourly rate.

24   Leidner has filed a response.

25                          **II. DISCUSSION**

26          Under the EAJA, a prevailing claimant is entitled to recover reasonable attorney

27   fees unless the government meets its burden of demonstrating that its position in the

28   litigation was "substantially justified," or that "special circumstances make an award

unjust." 28 U.S.C. § 2412(d)(1)(A); *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996). The government's position must be substantially justified at each stage of the proceedings. *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). Whether the government's position was substantially justified is determined under a reasonableness standard – whether the government's position had a reasonable basis in both law and fact. *Pierce v Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541 (1988); *Flores v. Shalala*, 49 F.3d562, 569-570 (9th Cir. 1995).

The Commissioner does not contend that her position was substantially justified or that special circumstances make an award unjust. Instead, she challenges the amount of requested EAJA fees on the ground that the amount of fees is not based upon the correct hourly rate, and that the amount of time Leidner purportedly spent performing the tasks is excessive.

Leidner's Application and Response reflect that he is seeking $5,702.22 in EAJA fees for 36.75 hours of services he rendered in 2004 and 2005. Leidner explains that he calculated the amount of requested EAJA fees as follows: "[t]he $125 EAJA capped rate multiplied by the 191.20 CPI-U for November, 2004, divided by the 155.70 CPI-U for March, 1996, equals $153.50. Therefore, [Leidner] requests $3,799.13 (153.30 x 24.75) for work performed in 2004." [Response at 4.] Further, for the 10.5 hours of time for services allegedly performed in 2005, Leidner seeks $1,665.20 (158.59 x 10.5). Leidner also seeks $237.89 in EAJA fees for the preparation of the Response (1.5 hours x $158.59 = $237.89). [*Id.*]

As discussed below, the Court finds the amount of requested EAJA fees is not based upon the correct adjusted hourly rates, and that the amount of time Leidner ostensibly spent performing various tasks is unreasonable and excessive.

**1.      Hourly Rates**

The EAJA set a maximum fee of $75 per hour, which was increased by amendment in 1996 to $125 per hour for cases commenced on or after March 29, 1996. The $125 hourly rate for attorneys that is statutorily authorized under 28 U.S.C. § 2412(d)(2)(A)(ii)

may be adjusted upward to reflect a cost-of-living adjustment ("COLA") due to inflation. *Patterson v. Apfel*, 99 F.Supp. 2d 1212, 1215 (C.D. Cal. 2000). The COLA for the year in which the fees were earned is calculated using a formula that is based upon the Consumer Price Index (the "CPI"). *Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). The Government calculates the CPI on a monthly basis, with a multiplier for each month, as well as an annualized multiplier for each year. The CPI is used to adjust rates and account for changes in the cost of living. The CPI is published in the "Consumer Price Index - All Urban Consumers, U.S. City Average, All Items" ("CPI-U") which is available at www.bls.gov.

District courts have calculated the COLA by multiplying the basic EAJA rate by the current CPI-U, and then dividing the product by the CPI-U in the month that the cap was imposed (October 1981 for pre-amendment cases, March 1996 for post-amendment cases). *Sorensen* at 1148. Further, a party seeking EAJA attorney's fees with an adjusted COLA must utilize the adjustment pertinent to the year in which the work was actually performed. *Id.* at 1149. The proper formula to calculate the CPI-adjusted hourly rates for the years in question should begin with the statutory EAJA fee amount set in March 1996. The $125 statutory amount is then adjusted according to the following formula: $125 per hour (where $125 reflects the current statutory amount for fees) x (service year CPI-U)/155.7 (where 155.7 equals the CPI-U of March 1996). The adjusted EAJA fee rate for 2004 is $151.65 (125 x 188.90/155.7). The adjusted rate for 2005 is $156.79 (125x195.3/156.7).

Therefore, the proper adjusted hourly rates used to calculate the amount of EAJA fees to be awarded is $151.65 for 2004 and $156.79 for 2005.

**2.    Reasonable Time**

Fee shifting statutes like the EAJA encourage competent, experienced attorneys to accept cases that they otherwise would not accept by assuring the recovery of a reasonable fee. However, a reasonable fee should be awarded based upon factors that include, but are not limited to, the complexity of the case or the novelty of the issues, and

the attorney's expertise and skill. *Kerr v. Screen Extras Guild, Inc.* 526 F.2d 67, 69-70 (9th Cir. 1975). The amount of time reasonably billed for social security appeals varies depending on the complexity of the case, the experience of counsel, and the disposition of the appeal. *See Widrig v. Apfel,* 140 F.3d 1207, 1209 (9th Cir. 1998) (concluding that the district court did not abuse its discretion in reducing an award of attorney's fees in a social security appeal by considering *Kerr* factors and the attorney's insufficient support for his claimed hourly rate).

Leidner's Application shows that he is seeking EAJA fees for 24.75 hours of time in 2004, and 10.5 hours of time in 2005. Of this time, Leidner claims that he spent 24.25 hours of time in 2004 to prepare and finalize the joint stipulation, and that he spent another 10.5 hours in 2005 working on his client's responses to the Commissioner's opposing contentions. In other words, Leidner claims that he spent 34.75 hours of time to prepare and finalize the joint stipulation. Assuming that Leidner actually spent this amount of time working on the joint stipulation, the Court finds it is quite excessive given the simple nature of this case, particularly for an attorney with Leidner's skills and experience in handling social security cases. The Court finds a competent social security attorney with comparable skills and experience should have been able to perform all of the 2004 tasks well within 14.00 hours, and all of the 2005 tasks within 2.0 hours.

**3.    Amount Awarded**

Based upon the foregoing, Plaintiff is awarded EAJA fees for attorney services calculated as follows:

| EAJA FEES - Attorney Time | | | |
|---|---|---|---|
| Year | CPU ADJ. Rate | Hours | Fee Amt. ($) |
| 2004 | 151.65 | 14.00 | 2,123.10 |
| 2005 | 156.79 | 2.00 | 313.58 |
| Total | | | 2436.68 |

The total EAJA fees awarded to Leidner is $2,436.68. The request for fees to prepare the Response is denied because the Court finds if the Application had been prepared

1  properly, no Response would have been required.

2  **III. CONCLUSION**

3      For the reasons discussed above, Plaintiff's Application is granted in part, and

4  Plaintiff's counsel is awarded total EAJA fees of $2,436.68.

5      IT IS SO ORDERED.

6

7  DATED:  March 29, 2006                 /s/ Arthur Nakazato

8                                       ARTHUR NAKAZATO
                               UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28